IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2001 Session

# IN RE:   JJC

**Direct Appeal from the Chancery Court for Knox County**
**No. 99-142548-2       Hon. Daryl R. Fansler, Chancellor**

**FILED MARCH 15, 2001**

**No. E2000-01223-COA-R3-CV**

The Trial Court terminated the father's parental rights.  Father argued below and on appeal, that the part of the UCCJA which gave the court jurisdiction of the matter is unconstitutional. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J. joined.

Stewart M. Crane, Loudon, Tennessee, for Respondent-Appellant.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, Tennessee, for State of Tennessee, Department of Children's Services.

Theodore Kern, Knoxville, Tennessee, for Petitioners-Appellees.

**OPINION**

In this adoption case where the father's parental rights were terminated, the mother and father were divorced in Ohio in 1987, when the child, JJC,  was 11 months old.  The mother was granted sole custody of the child, and the father was given the right to supervised visitation, which he never exercised.   The father never paid child support, although he was under a court order for support, and the child has lived with his mother since the divorce, and with his step-father since his marriage to the mother in 1995.   The mother and step-father are residents of Knox County, Tennessee, and the Trial Court found that Tennessee is the child's home state under the Uniform

Child Custody Jurisdiction Act (UCCJA, replaced by UCCJEA).

The father has been in prison in Ohio since August 1991, having been sentenced to a term of more than ten years. Father filed an Affidavit which stated that he has never lived in Tennessee, and never spent a night in this State. The Trial Court found that it had jurisdiction pursuant to the UCCJA, and that grounds existed to terminate the father's parental right, and this Appeal has resulted.

The issue raised on appeal is whether Tennessee Code Annotated, Section 36-6-203[1], the section of the UCCJA which confers jurisdiction on a court to make a child custody determination when the court is in the child's home state is constitutional.

The UCCJA is applicable to this proceeding, pursuant to Tenn. Code Ann. §36-1-111(s) and 36-1-116(h), which state that the filing of an adoption proceeding is deemed to be a custody proceeding governed by UCCJA. The father concedes that the Trial Court found that Tennessee is the child's home state pursuant to Tenn. Code Ann. §36-6-202(5), which requires the child to have lived in the state for six months. Father argues that it is unconstitutional for the State to assume personal jurisdiction over him, because he does not have required minimum contacts with Tennessee. We disagree.

The father relies upon the U.S. Supreme Court's decision in *May v. Anderson*, 345 U.S. 528, 73 S. Ct. 840, 97 L. Ed. 1221 (1953), wherein the Court held that a child custody decree of one state was not entitled to full faith and credit in another state when the decree was entered by a court which had no personal jurisdiction over the non-resident parent. The applicability of *May* has previously been rejected by this Court, in the child custody case of *Fernandez v. Fernandez*, 1986 WL 7935 (Tenn. Ct. App. July 15, 1986). In *Fernandez*, this Court declined to follow the *May* decision because of the substantial criticism *May* had drawn, and because subsequent Supreme Court decisions "abolished the distinctions between in rem and in personam" jurisdiction, and "recognized that exceptions can be made to the 'minimum contacts' standard" in "status" cases, such as child custody decisions. *See also Brown v. Brown*, 847 S.W.2d 496, 499 n.2 (Tenn. 1993). This Court has followed the majority rule that courts of the state "having the most significant connections with the child and his family have jurisdiction to make a custody adjudication even in the absence of personal jurisdiction over a parent who does not reside in the forum state." *Id.* *Also see Roderick v. Roderick*, 776 S.W.2d 533 (Tenn. Ct. App. 1989).

Father argues that minimum contacts with the forum state are still constitutionally required in a termination case, because of the fundamental rights which parents have to the care, custody and control of their children. This argument has also previously been rejected by this Court,

---

[1] This code section was replaced by Tenn. Code Ann. §36-6-216 as of June 14, 1999 (the provisions are substantially the same.)

in the case of *In re Copeland*, 2000 WL 336665 (Tenn. Ct. App. March 30, 2000).[2]

The Court held that termination cases were also an adjudication of "status", just the same as pure custody proceedings. *Id*, and that minimum contacts were not mandated in "status" cases such as this. Accordingly, Tennessee could assume jurisdiction in these types of cases where it is found that Tennessee is the home state, and where one parent did not have minimum contacts with Tennessee. *Id. Accord: In Re: M.L.K.,* 768 P2d 316, (Kan. App. 1989).

Assuming, but not deciding, that the father would not meet the minimum contact standard, the cited line of cases do not require minimum contacts of the parent under these circumstances.

The record establishes that Tennessee is the home state of the child, which is not disputed. Pursuant to Tenn. Code Ann. §36-6-203(a)(1)(A), Tennessee has jurisdiction to determine the issue. The Trial Court found that sufficient grounds existed to terminate the father's parental rights, and that finding was not disputed. We therefore conclude that the father's parental rights were properly terminated and we affirm the judgment of the Trial Court. The cost of the appeal is assessed to the father.

_____
HERSCHEL PICKENS FRANKS, J.

---

[2] A Rule 11 Petition is pending in this case.